Arthur TAYLOR et al., Petitioners,

v.

DISTRICT OF COLUMBIA RENTAL ACCOMMODATIONS COMMISSION, Respondent.

No. 14020.

District of Columbia Court of Appeals.

Argued May 23, 1979.

Decided July 16, 1979.

Janet E. LaBella, Washington, D. C., for petitioners.

Jeffry A. Kappstatter, Asst. Corp. Counsel, Washington, D. C., with whom Louis P. Robbins, Acting Corp. Counsel, and John C. Salyer and Michael A. Cain, Asst. Corp. Counsel, Washington, D. C., were on the brief, for respondent.

Before NEWMAN, Chief Judge, and HARRIS and FERREN, Associate Judges.

PER CURIAM:

Petitioners seek reversal of a decision by the Rental Accommodations Commission (respondent) to the effect that the landlord of property that is exempt from the rent ceiling limitations of the rent control statute may increase the rent even though the property is not in substantial compliance with the District housing regulations. Petitioners contend that the statutory interpretation upon which the Commission based this decision is unreasonable, and they assert, therefore, that the decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." D.C.Code 1978 Supp., § 1–1510(3)(A). We affirm.

The Rental Accommodations Act of 1975, D.C.Law I–33, *codified as amended,* D.C.

Code of 1978 Supp., §§ 45–1631 to –1674, establishes a program to regulate the rents for leased residential space in the city and creates an agency to administer that program. Section 45–1642(a) provides that, unless a rental unit falls into one of certain enumerated exceptions, it is subject to the registration and the rent ceiling limitation provisions of the act contained in §§ 45–1642(b) to –1652. One of these provisions, D.C.Code 1973, § 45–1644(e), states in pertinent part: "Notwithstanding any provision of this subchapter, the rent for any rental unit shall not be increased above the base rent unless (1) the housing accommodation of which such rental unit is a part is in substantial compliance with the housing regulations."

The rental unit occupied by petitioners is exempted from the rent ceiling limitations by § 45–1642(a)(3).[1] As such, it does not have a "base rent." Petitioners filed with the Rental Accommodations Office to prevent their landlord from increasing the rent on the ground that the rental unit they occupied was not in substantial compliance with the housing regulations. After taking evidence and argument, the Hearing Examiner decided against petitioners. The Commission affirmed, finding that "the Hearing Examiner did not err in ruling that the requirement of substantial compliance with the D.C. Housing Regulations falls within the sections of the law from which the subject accommodation is exempt."

Petitioners make numerous arguments of statutory interpretation and legislative history. Their basic contention, however, is that § 45–1644(e) applies to exempted and controlled rental units with equal vigor because that provision says "Notwithstanding any other provision of this subchapter."

We have examined petitioners' arguments and they do not persuade us that the Commission's decision was unreasonable or that the Commission's interpretation of the statute contravenes the language or legisla-

tive history of the statute. *Tenants of 3039 Q Street, N. W. v. District of Columbia Rental Accommodations Commission,* D.C. App., 391 A.2d 785, 787 (1978). *See District of Columbia v. Catholic University of America,* D.C.App., 397 A.2d 915, 921 (1979). Section 45–1642(a) states that "[s]ections 45–1642(b) through 45–1652 shall apply to rental units in the District of Columbia *except"* any unit falling within one of the enumerated exceptions. [Emphasis added.] Consequently, the Commission reasonably could have held that § 45–1644 never becomes applicable to an exempt rental unit. Similarly, the Commission could have held that the "Notwithstanding" language of § 45–1644 pertains to other provisions included in §§ 45–1642(b) through 45–1652, some of which permit rent increases for properties subject to rent ceiling limitations. We further note that, while § 45–1644(e) provides that "the rent for any rental unit shall not be increased above the *base rent"* [emphasis added] unless the unit is in substantial compliance with the housing regulations, the property at concern in this case is exempt from the rent ceiling limitation under § 45–1642(a)(3) and, thus, has no *"base rent"* upon which § 45–1644(e) could operate. We held that the Commission's decision is not erroneous under the standard of D.C.Code 1978 Supp., § 1–1510(3)(A).

*Affirmed.*

---

1. To be exempt under this provision, a "housing accommodation" must contain no more than "4 rental units" and be owned by no more than 4 natural persons, none of whom has a direct or indirect interest in any other rental unit in the city. The statute states other requirements as well. The property at concern in this case is a single family semi-detached row house. Petitioners readily concede that it is exempt under § 45–1642(a)(3).